IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NATHANIEL HARRIS, | : | |
| Petitioner, | : | |
| VS. | : | |
| | : | NO. 5:13-CV-296 (MTT) |
| Warden AHMED HOLT, | : | |
| Respondent. | : | **O R D E R** |

Petitioner **NATHANIEL HARRIS** filed a petition for writ of habeas corpus purportedly under 28 U.S.C. § 2241. On August 21, 2013, the Court construed the petition as being filed under 28 U.S.C. § 2254 and dismissed it as an unauthorized "second or successive" petition (Doc. 5). Petitioner has now filed a "Motion to Clarify" (Doc. 7).

In his motion, Petitioner argues that he is not challenging the validity of his conviction, but rather a docketing error on the part of the Superior Court of Decatur County. Petitioner submitted in that court "a motion for an outer time P.S.I." and the Clerk of the Superior Court of Decatur County "misinterp[reted] the newly filed motion as being a part of the original appeal of [Petitioner's] 1992 conviction stamp filed it with the same case No. 91-R-087." Petitioner asks that this Court "instruct[] the Superior Court of Decatur County to perfect the record by docketing this proceeding with a new docket number and inter alia."

It is inappropriate for this Court to interfere in the state court process. ***Younger v. Harris***, 401 U.S. 37 (1971); ***see also District of Columbia Ct. of Appeals v. Feldman***,

460 U.S. 462, 476 (1983); **Rooker v. Fidelity Trust Co.**, 263 U.S. 413, 415-16 (1923).

Moreover, the relief requested by Petitioner is not available in a habeas corpus action.

Accordingly, Petitioner's "Motion to Clarify" is hereby **DENIED**.

**SO ORDERED**, this 6th day of September, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr